Major General James A. Ryan Military Department of Arkansas Office of the Adjutant General North Little Rock, AR 72118-2200
Dear Major General Ryan:
This is in response to your request for an opinion regarding a state employee's entitlement to military service credit toward retirement for a three year period of active duty in the National Guard. The facts set out in your opinion request are as follows:
 An employee of the State Health Department was ordered to active duty with the National Guard for a period of three years, from July 20, 1989, through July 19, 1992. The employee is a noncontributory member of the Arkansas Public Employees' Retirement System (APERS). A National Emergency was proclaimed by The President on August 3, 1990 in connection with the conflict in Southwest Asia. The National Emergency was in effect as of July 19, 1992. At the end of the active duty period, the employee promptly reported back to work with the State Health Department and was duly reinstated.
You state that pursuant to A.C.A. § 24-4-507 (1987), APERS credited the employee for his military service during the time of the National Emergency, August 3, 1990 through July 19, 1992; however, APERS determined that the employee would have to pay into the retirement fund to receive credit for the period of military service prior to the National Emergency, July 20, 1989 through August 2, 1990. You point out in your request the requirements of federal law with respect to reemployment following a period of military service, and have asked this office to interpret the applicable state and federal law and determine whether this employee should be given credit for his military service from July 20, 1989 to August 2, 1990 without contributing to APERS.
As you note in your opinion request, federal law requires employers to give employees retirement credit for periods of United States military service that interrupt their employment.See 38 U.S.C. §§ 2021 and 2024;[1] Alabama Power Co. v.Davis, 431 U.S. 581 (1977). As we noted in discussing this issue in Opinion No. 91-234, a copy of which is enclosed,38 U.S.C. § 2021(b) would require employers to provide retirement credit for such service to the extent that they provide retirement credit to employees for other leaves of absence. Thus, the state employee/APERS member in question should be given retirement credit for his military service to the same extent that state employees/APERS members receive retirement credit for other leaves of absence. Credited service in APERS is generally governed by A.C.A. §§ 24-4-501 to -514 (1987).
While §§ 2021 and 2024 prohibit states from placing restrictions on the rights guaranteed therein, see Jennings v. IllinoisOffice of Education, 589 F.2d 935 (1979), cert. denied,441 U.S. 967 (1979), states and political subdivisions are free to establish greater or additional rights or protections for persons who have accumulated such periods of military service. See38 U.S.C. § 2021(c) (1981). Several provisions of Arkansas law specifically address military service credit, each apparently attempting to establish special rights or protections for persons with such service. Arkansas Code Annotated Section 24-4-507(b) provides that employees are entitled to credit toward retirement for periods of military service, not to exceed five years, rendered during a national emergency. In accordance with this provision, APERS apparently determined that the employee in question was entitled to credit for the period from August 3, 1990 to July 19, 1992, but not for the period from July 20, 1989 to August 2, 1990. Other protective provisions would appear not to apply either to this individual or to the time period in question (July 20, 1989 to August 2, 1990).[2]
In the absence of other applicable provisions, Arkansas law indicates that the individual in question is entitled to retirement credit for his military service rendered during a national emergency, that is, from August 3, 1990 to July 19, 1992. A.C.A. § 24-4-507(b) (1987). To determine whether the individual is entitled, under federal law, to credit without paying into APERS for his service from July 20, 1989 to August 2, 1990, it must be determined to what extent APERS members are given retirement credit for other leaves of absence. This individual's military service leave must be credited to the same extent that other types of leaves of absence are credited.
The foregoing opinion, which I hereby approve was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] While § 2024(a) and (b) appear to place a limit on the number of years of service for which credit may be given, the limits are not exceeded in the instant situation.
[2] Section 21-4-212(f) (Cum. Supp. 1991), which would clearly require credit for such service, does not cover the particular time period in question (See Opinion No. 92-293, which concludes that Act 673 of 1991 does not apply retroactively); Sections21-4-309 and -310 (1987) would not appear to apply to members of the National Guard; and Sections 21-4-102(c) and (d)(1) and (2) (Cum. Supp. 1991) apply only to emergency situations and do not cover the time period in question (also enacted under Act 673, which does not apply retroactively).